ON APPLICATION FOR ADMISSION TO THE BAR
I ¡PER CURIAM.*
Petitioner, Richard E. Smith, applied to sit for the July 2001 Louisiana bar exami *37 nation. On July 11, 2001, the Committee on Bar Admissions (“committee”) notified Petitioner that it was unable to certify to this court that Petitioner met the character and fitness requirements for admission to the bar of this state. The committee cited as reasons Petitioner’s defaults on student loans with the U.S. Department of Education and PHEAA in conflict with the Rules Governing Admission to Practice Law in Louisiana, Section 5(c), (d), and (e).
Petitioner appealed the committee’s decision to this court. We permitted petitioner to sit for the July bar examination, but stated that within fifteen days of the completion of the examination, petitioner may file a brief and supporting documentation with the committee responding to its objection to his application for admission. Today the committee informed us that it received satisfactory evidence that Smith and his creditors formulated loan rehabilitation agreements and that Smith satisfactorily completed all other requirements for admission to the bar.
After reviewing the evidence and considering the law, we conclude Petitioner is eligible to be conditionally admitted to the practice of law in Louisiana, subject to a probationary period of eighteen months. During this period, Petitioner shall provide | ^evidence to the committee, on at least a quarterly basis, demonstrating that he has made a good faith effort to comply with the loan rehabilitation agreement. Should Petitioner fail to make a good faith effort to comply with this agreement, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.